## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA and
MIKE SERNA,

      Plaintiffs,

v.                                                            No. 1:20-cv-00299-MV-SCY

DANIEL WHITE,
DAVID WEBSTER, and
MARGETTE WEBSTER,

      Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Leave of Court to Amend Complaint, Doc. 5, filed April 28, 2020 ("Amended Complaint").

## BACKGROUND

*Pro se* Plaintiffs filed a complaint asserting federal and state law claims arising from Defendants' use of state-court proceedings to garnish Plaintiffs' assets.  *See* Complaint, Doc. 1, filed April 2, 2020.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiffs that they failed to properly state federal law claims and granted them leave to file an amended complaint. *See* Order, Doc. 3, filed April 15, 2020.

Plaintiffs then filed their Motion for Leave of Court to Amend Complaint.  Although titled "Motion for Leave of Court to Amend Complaint," the Court construes the document to be Plaintiffs' Amended Complaint because: (i) Judge Yarbrough had already granted Plaintiffs leave to file an amended complaint; (ii) the document alleges facts, asserts causes of action, and seeks relief; and (iii) the document states: "I submit this Amended Complaint to cure the deficiencies …"

Amended Complaint at 8.  To the extent that it is a motion, the Court finds as moot Plaintiffs' Motion for Leave of Court to Amend Complaint.

The Amended Complaint states that on March 28, 2018, the state court ordered, in state-court case No. D-202-CV-200706641 ("First State-Court Case"), that an arbitration award be enforced against Plaintiffs.  *See* Complaint at 2.  Plaintiffs allege that the arbitration award and the state-court's order are "void."  Complaint at 2, 5.  The Amended Complaint also refers to a "new case."  Complaint at 2.  Review of state-court records show that Defendants David Webster and Margette Webster, represented by Defendant Daniel White, filed a complaint against Plaintiffs on June 20, 2019, in state-court case No. D-202-CV-201904800 ("Second State-Court Case") which is currently pending.  The Amended Complaint asserts federal claims pursuant to 42 U.S.C. Section 1983 arising from state-court proceedings regarding the garnishment and foreclosure of Plaintiffs' assets, in addition to various pendent state-law claims.

## DISCUSSION

I.  **Plaintiffs' Federal Claims**

   A.  **The Bernalillo County Sheriff's Office Collection Department is Not a Proper Defendant.**

As an initial matter, the Amended Complaint alleges claims under § 1983 against, *inter alia*, the Bernalillo County Sheriff's Office Collection Department ("BCSO Collection Dept."). However, "governmental sub-units," such as the BCSO Collection Dept., "are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).  Because the BCSO Collection Dept. may

not be sued under § 1983, Plaintiffs' § 1983 claims must be dismissed for failure to state a claim as to that Defendant. Fed. R. Civ. P. 12(b)(6).

### B.   Count I of the Amended Complaint Fails to State a Valid Claim.

In Count I of the Amended Complaint, Plaintiffs first seek damages for violation of their rights under the Fourteenth Amendment based on Defendants White, David Webster, and Margette Webster's use of state-court proceedings to garnish Plaintiffs' bank account. *See* U.S. Const. Amend. XIV § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"). "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution *by any person acting under color of state law*." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (emphasis added). Here, the Amended Complaint fails to allege that any of the Defendants acted under color of state law. Because none of the Defendants is alleged to be a state actor, Count I of the Amended Complaint fails to state a valid constitutional claim pursuant to § 1983.

In Count I, Plaintiffs also refer to "Statute 61, 80th Congress, Chapter 302, (c)." Amended Complaint at 3. That statute "extend[s] temporarily the time for filing applications for patents and for taking action in the United States Patent Office with respect thereto." 61 Stat. 413 (July 23, 1947). There are no factual allegations in the Complaint relating to patents. Accordingly, the Amended Complaint fails to state a valid claim arising under that statute.

For these reasons, Count I fails to state a claim on which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C.   Count II of the Amended Complaint Fails to State a Valid Claim.

In Count II, entitled "Violation of Civil Liberties (for a Fair Trial)," Plaintiffs assert a claim pursuant to § 1983, alleging that Defendants Margette Webster, David Webster, William Cooksey,

and BBVA Compass Bank violated Plaintiffs' Fourteenth Amendment rights when they used a void judgment in a state-court proceeding to obtain Plaintiffs' social security funds, which are protected under Section 207 of the Social Security Act. Again, the Amended Complaint fails to allege that any of these Defendants acted under color of state law. In the absence of allegations that any Defendant is a state actor, Count II must be dismissed pursuant to Rule 12(b)(6) for failure to state a valid § 1983 claim.

### D.    Count IV of the Amended Complaint Fails to State a Valid Claim.

Count IV of the Amended Complaint asserts a claim of unjust enrichment. In support of this claim, Plaintiffs allege that Defendants Margette Webster and David Webster "knew they did not have a judgment against the Plaintiff but hired [Defendant] Cooksey [attorney for Defendant BBVA Compass Bank]" to collect the debt. Complaint at 6. Citing to 15 U.S.C. § 1692g, Plaintiffs make the conclusory allegation that that "Deputy and lawyer collectors fall under" the Fair Debt Collection Practices Act ("FDCPA").

The FDCPA, however, applies only to a "debt collector," who is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In contrast, a "debt collector" *does not include* "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." *Id.* The Amended Complaint contains no allegations to suggest that any of the Defendants meet the definition of a "debt collector" for purposes of § 1692a(6). To the contrary, the allegations of the Amended Complaint make clear that Defendants are not "debt collectors" under the plain language of that statute.

Further, Plaintiffs also cite to 12 U.S.C. § 5565 in support of their unjust enrichment claim. This statute is inapposite, however, as it gives the "court … jurisdiction to grant any appropriate legal or equitable relief with respect to a violation of Federal consumer financial law." As the Amended Complaint fails to allege a violation of federal consumer financial law in the first instance, this statute cannot form the basis of any relief here.

For these reasons, Count IV fails to state a claim on which relief can be granted and must be dismissed pursuant to Rule 12(b)(6).

## II.     Plaintiff's State Law Claims

In Count III of the Amended Complaint, Plaintiffs assert state-law claims of misrepresentation, "theft by deception," breach of covenant of good faith and fair dealing, and the "tort of wrongful foreclosure." Amended Complaint at 5. The Court's pendent jurisdiction over these state claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined in this Memorandum Opinion and Order that Plaintiffs' federal claims are subject to Rule 12(b)(6) dismissal, only the supplemental or pendent state law issues of misrepresentation, "theft by deception," breach of covenant of good faith and fair dealing, and the "tort of wrongful foreclosure" remain. The Court finds that these issues are best left for a state

5

court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise jurisdiction over Plaintiffs' remaining state law claims and will dismiss them without prejudice.

## CONCLUSION

Dismissing Plaintiff's federal claim claims for failure to state a claim and declining to exercise supplemental jurisdiction over Plaintiff's state-law claims, the Court hereby dismisses this case.

**IT IS ORDERED** that:

(i) Plaintiffs' Motion for Leave of Court to Amend Complaint, Doc. 5, filed April 28, 2020, is **FOUND AS MOOT.**

(ii) This case is **DISMISSED** as follows: Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6), and Plaintiffs' state-law claims are **DISMISSED WITHOUT PREJUDICE**.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**